UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHRISTOPHER TILLMAN,

    Plaintiff,

v.                                          CASE NO. 6:06-cv-570-Orl-19DAB

JAMES MCDONOUGH, et al.,

    Defendants.

_____

## ORDER OF DISMISSAL WITH PREJUDICE

This case is before the Court on the amended civil rights complaint (Doc. No. 6, filed May 18, 2006) filed by Plaintiff, a Florida inmate proceeding *pro se*, pursuant to 42 U.S.C. § 1983. He alleges that his constitutional rights have been violated during his incarceration at the Tomoka Correctional Institution. Among other matters, Plaintiff requests that all forfeited gaintime be restored.

The United States Supreme Court has held as follows:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily

>    imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.
>
>    . . . .
>
>    . . . We do not engraft an exhaustion requirement upon § 1983, but rather deny the existence of a cause of action. Even a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus. . . . [A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnotes omitted). The Supreme Court subsequently held that "conviction," as contemplated in *Heck*, included decisions in prison disciplinary proceedings that would affect an inmate's sentence, including the loss of good-time credits. *Edwards v. Balisok*, 520 U.S. 641 (1997); *see also Muhammad v. Close*, 124 S. Ct. 1303, 1304 (2004) (stating that *Edwards* "applied *Heck* in the circumstances of a § 1983 action claiming damages and equitable relief for a procedural defect in a prison's administrative process, where the administrative action taken against the plaintiff could affect credits toward release based on good-time served").

In the present case, Plaintiff's challenge falls squarely within the boundaries of *Edwards*. A judgment in favor of Plaintiff in these proceedings would necessarily impact the calculation of his sentence and would imply the invalidity of certain disciplinary proceedings. However, Plaintiff has not alleged or otherwise demonstrated that the challenged disciplinary proceedings have been invalidated. Plaintiff's request for damages

and restoration of gaintime simply is not cognizable under § 1983 at this time and must be dismissed with prejudice.[1]

    Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.      This case is **DISMISSED WITH PREJUDICE**.

2.      All pending motions are **DENIED** as moot.

3.      The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** at Orlando, Florida, this __31st__ day of May, 2006.

```
                                    /s/ Patricia C. Fawsett
                                    PATRICIA C. FAWSETT, CHIEF JUDGE
                                    UNITED STATES DISTRICT COURT
```

Copies to:
pslc 5/31
Christopher Tillman

---

[1] In *Abella v. Rubino*, 63 F.3d 1063 (11th Cir. 1995), the Eleventh Circuit affirmed the district court's dismissal of the case with prejudice since the cause of action was not ripe. *Accord Stephenson v. Reno*, 28 F.3d 26 (5th Cir. 1994).